1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   CHARLES J. CONN,,
                                                CASE NO. C11-5915 KLS
11               Plaintiff,
                                                ORDER GRANTING
12         v.                                   DEFENDANT'S MOTION FOR
                                                SUMMARY JUDGMENT
13   ZURICH AMERICAN INSURANCE
     COMPANY; and UNIVERSAL
14   UNDERWRITERS INSURANCE
     COMPANY,
15
                 Defendants.
16

17

18         Universal Underwriters Insurance Company, the only remaining defendant, asks this

19   Court to dismiss all of Plaintiff's claims.  (ECF No. 15).  Plaintiff's causes of action in this

20   litigation all relate to the manner in which the Defendant handled Mr. Conn's insurance claims

21   for UIM and medical payments coverage.  Mr. Conn asserts damages based on breach of duty of

22   good faith, breach of the Consumer Protection Act, negligence and violation of the Insurance

23   Fair Conduct Act (IFCA)(R.C.W. 48.30.015).  ECF No. 1, p. 6, Complaint for Damages.

24

1

## STATEMENT OF FACTS

2       On May 16, 2008 Mr. Conn was driving an F-150 pickup truck and was stopped at a stop

3   light.  He was struck from behind by another vehicle.  Mr. Conn was injured as a result of this

4   accident.

5       Mr. Conn retained the services of an attorney, Todd Renda.  With Mr. Renda's

6   assistance, on February 13, 2009 Mr. Conn's claim against the driver of the other vehicle was

7   settled for policy limits of $100,000 and on September 24, 2009 his UIM claim against his own

8   insurer was settled for limits of $100,000.  The driver of the other vehicle was insured through

9   GEICO and Mr. Conn's own insurer was State Farm.   Mr. Renda was diligent in making

10  Universal aware of the pending settlements with GEICO as well as State Farm.

11      Universal Underwriters Insurance Company (Universal) provided the insurance that

12  covered the F-150 pickup truck.  Universal was made aware of the accident on May 28, 2008.

13  For various reasons, Universal denied UIM coverage on April 17, 2009.

14      On December 11, 2009 Mr. Renda, in compliance with the Insurance Fair Conduct Act,

15  advised Universal of his intent to file suit.

16      On January 8, 2010, Universal's regional claims manager Glenn Reid wrote to Mr. Renda

17  and advised that Mr. Conn qualified for medical payments coverage limited to $5,000.  That

18  amount was paid to Mr. Conn on February 1, 2010.  Mr. Reid also advised that there was UIM

19  coverage available but that it was limited to the state minimum financial responsibility

20  requirement of $25,000.  Mr. Renda disputed this analysis as it was his position that coverage

21  extended to the policy limits of $300,000.  Universal took a recorded statement from Mr. Conn

22  on June 22, 2010 and on July 19, 2010 Universal advised Mr. Renda that the UIM coverage was

23  $300,000.

24

1      After some negotiation, on October 20, 2010 Universal offered and the Plaintiff accepted

2  the sum of $125,000 to settle Plaintiff's claims.   Mr. Conn signed the release, prepared by

3  Universal, on October 21, 2010 and it was faxed to Universal the following day.

4      The release provided as follows:

5    . . . Charles J. Conn . . . hereby releases, and forever discharges the Zurich
Financial Services Group and its member companies, including Zurich North
6    America and Zurich American Insurance Company, and Universal Underwriters
Insurance Company along with the agents, officers, successors, and assigns of
7    each of the above-mentioned business entities (collectively referred to as the
"Released Parties") of and from *any and all claims, demands, damages, actions,*
8    *causes of action or suits of any kind or nature whatsoever, arising out of that*
*motor vehicle accident* which occurred on or about May 16, 2008, in which
9    Charles J. Conn alleges he suffered personal injuries when the vehicle he was
Operating, which was owned and insured by the undersigned's business,
10   Megacars West, LLC, was struck by a vehicle negligently operated by
Bridgette Pierce on Aurora Ave. N. in Shoreline, Washington.  (emphasis added).

11

12  ECF No. 16-1, p. 9, Release of All Claims & Hold Harmless.

13      On October 6, 2011 Mr. Renda filed this present claim in Pierce County Superior Court,

14  which was subsequently removed to federal court by the Defendants.  As noted above, the

15  allegations in Mr. Conn's Complaint all relate to alleged improper claims handling by Universal.

16                  **SUMMARY JUDGMENT**

17      Summary judgment is proper where "the pleadings, depositions, answers to

18  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

19  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

20  of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).  The

21  Court must draw all reasonable inferences in favor of the non-moving party.  *See F.D.I.C. v.*

22  *O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cirt. 1992), *rev'd on other grounds,* 512 U.S. 79

23  (1994).  The moving party has the burden of demonstrating the absence of a genuine issue of

24  material fact for trial.  *See Anderson,* 477 U.S. at 257.  Mere disagreement, or the bald assertion

1  that a genuine issue of material fact exists, no longer precludes the use of summary judgment.

2  *See California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466,

3  1468 (9th Cir. 1987).

4        Genuine factual issues are those for which the evidence is such that a "reasonable jury

5  could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.  Material facts are

6  those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on

7  summary judgment, a court does not weigh evidence to determine the truth of the matter, but

8  "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.,* 41 F.3d

9  547, 549 (9th Cir. 1994)(citing *O'Melveny & Meyers,* 969 F.2d at 747).  Furthermore, conclusory

10  or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary

11  judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distriburtors,* 60 F.3d 337, 345 (9th Cir.

12  1995).  Similarly, hearsay evidence may not be considered in deciding whether material facts are

13  at issue in summary judgment motions.  *Id.* at 345; *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610

14  F.2d 665, 667 (9th Cir. 1980).

15        **RELEASE OF CLAIMS – LAW & DISCUSSION**

16        Universal requests dismissal of the Plaintiff's claims on the grounds that all of his claims

17  were released on October 21, 2010 when Mr. Conn signed, with advice of counsel, the Release

18  of All Claims & Hold Harmless (Release).  ECF 16-1, p 9 – 12.  The undersigned agrees.

19        In the Release, Mr. Conn released and forever discharged Universal "of and from any and

20  all claims, demands, damages, actions, causes of actions or suits of any kind or nature

21  whatsoever, **arising out of** that motor vehicle accident which occurred on or about May 16,

22  2008. . . ." *Id.* at p. 9.  (emphasis added).

23        Washington courts have construed the phrase "arising from" or "arising out of" broadly.

24  In *Toll Bridge Authority v. Aetna Insurance Co.,* 54 Wash. App. 400, 773 P.2d 906 (1989),

1   Division 1 of the Court of Appeals specifically dealt with interpretation of these phrases.  In *Toll*

2   *Bridge* the trial court granted summary judgment in favor of Aetna.  On appeal, the issue was

3   whether an exclusion for liability arising out of the operation, maintenance or use of watercraft

4   barred coverage of a claim in which a car hit a pedestrian on a ferry loading ramp.  The Court

5   noted that "[t] phrase 'arising out of' is unambiguous and has a broader meaning than 'caused

6   by' or 'resulted from.' (citations omitted).  It is ordinarily understood to mean 'originating from',

7   'having its origin in', 'growing out of', or 'flowing from'.  *Avemco Ins. Co. v. Mock,* 44 Wn.

8   App. 327, 329, 721 P.2d 34 (1986).

9       The Court of Appeals went on to conclude that "[i]n the present case, the accident

10  originated on the ferry during the process of unloading passengers.  Thus, we find as a matter of

11  law that the accident 'originated from', 'grew out of', or 'flowed from' use or operation of the

12  vessel.  Accordingly, the Aetna exclusion applies." *Toll Bridge Authority, supra,* at p. 404-05.

13      The issue raised in this litigation is whether the broad language of the Release would

14  apply to the conduct of the agents of the Universal Insurance or, as the Plaintiff asserts, the

15  "extracontractual claims originating from defendant's allegedly deficient acts in handling

16  plaintiff's contractual UIM and MedPay claims."  ECF No. 21, p. 5.

17      Mr. Conn asserts that the Release was not intended to cover subsequent occurring acts,

18  i.e. improper claims handling.  However, the case of *Roberts v. Bechtel,* 74 Wn. App. 685, 875 P.

19  2d 14 (1994) appears to be right on point.   In *Roberts,* the parties to a law suit which arose from

20  an automobile accident settled their claims and the plaintiff executed a release "from any and all

21  claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever . . .

22  which have resulted or may in the future develop from an accident . . . " *Id.*  at p. 686.  After this

23  agreement was executed the plaintiff moved for an award of attorney fees and expenses pursuant

24  to R.C.W. 4.84.185, on the ground that the defendant had filed a frivolous counterclaim in the

1    settled lawsuit.   On appeal, the Court of Appeals reversed the trial court's award of fees and

2    costs.  It found that "[t]he language of the release is plain and unambiguous; Ms. Roberts

3    released Ms. Bechtel from any and all claims resulting or developing from the accident.  The

4    claim of frivolous litigation is a claim arising from the accident." *Id.* at p. 687.

5            Mr. Conn alleges improper claims handling by the Defendant.  These claims, however,

6    all  "originated from",  had their "origin in", and grew out of or flowed from the motor vehicle

7    accident of May 16, 2008.  In *Bechtel,* the Plaintiff asserted that the Defendant filed a frivolous

8    counterclaim – an action taken after the accident.  Even though this was an action that occurred

9    after the accident and was separate in time, the Court of Appeals found that the claim arose from

10   the accident and was therefore released.  The same result applies to Mr. Conn's claims in this

11   litigation.  While his claims focus on subsequent acts, they all "arise out of" the motor vehicle

12   accident.

13           The settlement agreement, by its own language, is very broad, and it stated clearly that it

14   was intended to resolve and settle any and all of Plaintiff's "claims, demands, damages, actions,

15   causes of actions or suits of any kind or nature whatsoever, arising out of that motor vehicle

16   accident which occurred on or about May 16, 2008." ECF No. 16-1, p. 9.  The general release

17   language was not limited to a UIM claim nor was it limited to a personal injury claim, as

18   suggested by the Plaintiff in his Response.  While there is mention made in the release to UIM

19   insurance protection and the personal injuries of Mr. Conn, such mention does not in any way

20   constrict or limit the general release that appears in the first paragraph of the Release.

21           Mr. Conn signed a release of all claims and that release covers the claims presented in

22   this litigation.   The Defendant's Motion to Dismiss on the grounds that all of Mr. Conn's claims

23   were released when he signed the Release of All Claims & Hold Harmless is **GRANTED.** (ECF

24   No. 15.)

1       Having concluded that all of Mr. Conn's claims shall be dismissed based on the language

2   contained in the Release, the Court is not addressing the other issues raised in the Defendant's

3   motion.

4       In addition, the Court notes that the Plaintiff filed a motion for partial summary judgment

5   based on the claims of bad faith, Consumer Protection Act, negligence and Insurance Fair

6   Conduct Act.  In light of the Court's ruling, the noting date for the Plaintiff's motion for partial

7   summary judgment is stricken.  (ECF No. 20).

8   **SUMMARY**

9       1.  Defendant's motion to dismiss all of Plaintiff's claims is GRANTED.  (ECF No. 15)

10       2.  Plaintiff's motion for partial summary judgment is STRICKEN.  (ECF No. 20)

11       3.  The trial date of February 11, 2013 is hereby STRICKEN.

12   DATED this 19th day of June, 2012.

14   _Karen L. Strombom_

15   Karen L. Strombom
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24